IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:

Christine Levi, xxx-xx-4255
    fka Christine Vandenberg,

      Plaintiff,

v.

Transworld Systems, Inc.
National Collegiate Student Loan Trust 2005-3
National Collegiate Student Loan Trust 2006-3
National Collegiate Student Loan Trust 2006-4,

      Defendants.

Chapter 7
Case No. 12-24125-ABC

Adv. Proc. No. 16-01441-TBM

FILED
KENNETH S. GARDNER
CLERK
2017 MAR 15 AM 11:25
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANTS TRANSWORLD SYSTEMS, INC. AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4**

---

COMES NOW Plaintiff, Christine Levi, and hereby submits the following Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant. These Interrogatories, requests for admission, and requests for production are deemed continuing. You are reminded that Fed. R. Civ. P. 26(e) requires you to promptly supplement or amend any discovery responses when new or additional information is learned by you or your attorney.

**INSTRUCTIONS TO THE ANSWERING PARTY**

(a)    An answer or other appropriate response must be given to each interrogatory by the asking party.

(b)    As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of

your responses on all other parties to the action who have appeared. See Fed. R. Civ. P. 33 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers: "I declare under penalty of perjury under the laws of the State of Colorado that the foregoing answers are true and correct."

(DATE) _____   (SIGNATURE) _____

IF **YOU** DO NOT UNDERSTAND ONE OR MORE OF THE FOLLOWING INTERROGATORIES OR REQUESTS, OR IF **YOU** BELIEVE SUCH INTERROGATORY OR REQUEST TO BE AMBIGUOUS, **YOUR** COUNSEL IS REQUESTED TO CONTACT THE UNDERSIGNED TO CLARIFY SUCH MEANING IN GOOD FAITH, RATHER THAN REFUSING TO ANSWER THE INTERROGATORY OR REQUEST OR OBJECTING THERETO.  IF ANY INTERROGATORY OR REQUEST CONTAINS ANY OBVIOUS ERRORS, **YOU** ARE REQUESTED TO ANSWER THE REQUEST TO THE BEST OF **YOUR** ABILITY, USING COMMON SENSE TO INTERPRET THE INTERROGATORY OR REQUEST.

## DEFINITIONS

Words in **BOLDFACE CAPITALS** in these interrogatories, requests for admission, and requests for production, are defined as follows:

(a)   **LOAN** includes the loan identified in Plaintiff's Second Amended Complaint to Determine Dischargeability that originated in the amount of $6,000.00 and was disbursed on or about October 1, 2006.

(b)   **DOCUMENT** means writings, recordings, or photographs, as defined in *FRE 1001* and includes the original, copy, duplicate, or electronic version, of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(c)   Where knowledge or information in possession of a party is requested, such request is intended to include any knowledge or information in possession of a party's agents, representatives, and, unless privileged, its attorneys.

(d) Wherever the word **PLAINTIFF** is used, the same is deemed to include the Plaintiff herein, **Christine Levi,** and any and all other nicknames or designations for or referable to said Plaintiff.

(e) Wherever the word **DEFENDANT** or **DEFENDANTS** is used, the same is deemed to include the Defendants herein, **Transworld Systems, Inc.** and **National Collegiate Student Loan Trust 2006-4**, and anyone acting on their behalf, including but not limited to their agents, employees, attorneys, accountants, investigators, and anyone else acting on their behalf.

(f) Whenever the word **TERI** is used, the same is deemed to include The Education Resources Institute, Inc., a non-profit institution, and anyone acting on their behalf, including but not limited to their agents, employees, attorneys, accountants, investigators, and anyone else acting on their behalf.

(g) **Charter One Bank, N.A.** is deemed the original lender and anyone acting on their behalf, including but not limited to their agents, employees, attorneys, accountants, investigators, and anyone else acting on their behalf.

(h) **Astrive Education Loan** is deemed the alleged program the **LOAN** was made under.

(i) Whenever the words **CREDIT AGREEMENT** is used, the same is deemed to include the Credit Agreement between **PLAINTIFF** and **Charter One Bank, N.A.** for the **LOAN**.

(j) Whenever the words **DEPOSIT AND SECURITY AGREEMENT** is used, the same is deemed to include the **Deposit and Security Agreement of The National**

**Collegiate Student Loan Trust 2006-4** made on or about December 7, 2006 between TERI and The National Collegiate Student Loan Trust 2006-4.

(k)     The pronoun **YOU** or **YOUR** refers to the party or parties to whom this discovery is addressed and to your agent(s), representative(s), and attorney(s) herein.

(l)     **IDENTIFY,** when used with regard to a **DOCUMENT** or writing, means to give the type of **DOCUMENT** or writing (e.g., agreement, letter, memorandum, telegram, chart, report, handwritten note, etc.); date; file and/or identifying symbol; author of such writing; name or names of all recipients of such writing, if any; and the name and address of any person who has possession, custody or control of each writing. In lieu of providing the foregoing information, a copy of the writing may be submitted with your Answers to these Interrogatories.

(m)     **IDENTIFY,** when used with regard to an individual or entity means to give the name, address and telephone number of the same, as well as title, contact or custodian of records, if applicable.

(n)     **ADDRESS** means the street address, including the city, state, and zip code.

## INTERROGATORIES

PLEASE RESPOND BY LISTING THE QUESTIONS BEFORE EACH ANSWER:

<u>INTERROGATORY NO. 1</u>: **IDENTIFY** each affirmative defense in **YOUR** pleadings and state all facts upon which **YOU** base the affirmative defense.

**RESPONSE:**

**INTERROGATORY NO. 2:** **IDENTIFY** each denial of a material allegation in **YOUR** pleadings and state all facts upon which **YOU** base the denial.

**RESPONSE:**

**INTERROGATORY NO. 3:** Is **YOUR** response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission state the number of the request and provide all facts upon which **YOU** base your response and **IDENTIFY** all **DOCUMENTS** that support **YOUR** response.

**RESPONSE:**

**INTERROGATORY NO. 4:** **IDENTIFY** each and every employee of **DEFENDANTS** who either reviewed or worked on **PLAINTIFF'S LOAN.**

**RESPONSE:**

**INTERROGATORY NO. 5 :** For each and every employee of **DEFENDANT** who either reviewed or worked on **PLAINTIFF'S LOAN**, provide the number of loans each employee was handling while working on the **PLAINTIFF'S LOAN** and how long the employee has been employed by **DEFENDANT**.

**RESPONSE:**

**INTERROGATORY NO. 6**: **IDENTIFY** any incentive program of **Charter One Bank, N.A.** and/or **DEFENDANTS** relating to loans similar to **PLAINTIFF'S LOAN.**

**RESPONSE:**


**INTERROGATORY NO. 7**: **IDENTIFY** any incentive program of **Charter One Bank, N.A.** and/or **DEFENDANTS** relating to collection on loans similar to **PLAINTIFF'S LOAN.**

**RESPONSE:**


## REQUESTS FOR ADMISSION


**REQUEST NO. 1:** Admit that **TERI** is NOT a governmental entity.

**RESPONSE:**


**REQUEST NO. 2:** Admit that as **TERI** is NOT a governmental entity, the alleged guarantee under **TERI** does NOT meet the standard for non-dischargeability under 523(a)(8)(A)(i) of "an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit."

**RESPONSE:**

**REQUEST NO. 3:** Admit that the **CREDIT AGREEMENT** does NOT include information of any program identified as **Astrive Education Loan**.

**RESPONSE:**

**REQUEST NO. 4:** Admit that the **DEPOSIT AND SECURITY AGREEMENT** does NOT include information of any program identified as **Undergraduate Alternative Loan Program** in Schedule A.

**RESPONSE:**

**REQUEST NO. 5:** Admit that the entire proceeds from the **LOAN** were directly deposited into **PLAINTIFF'S** personal bank account via electronic disbursement, not paper check.

**RESPONSE:**

**REQUEST NO. 6:** Admit that at no time did **Charter One Bank, N.A.** present any proceeds from the **LOAN** to Colorado State University.

**RESPONSE:**

**REQUEST NO. 7:** Admit that the as the entire proceeds from the **LOAN** were directly deposited into **PLAINTIFF'S** personal bank account via electronic disbursement, **Charter One Bank, N.A.** failed to perform under the **Credit Agreement** which states "When you receive my signed Credit Agreement, you are agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me, <u>or mail a loan check directly to me</u> (emphasis added)".

**RESPONSE:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

<u>*NOTE*</u>*: A response merely referring to discovery documents is insufficient. Please identify specific documents by attaching the same and/or a specific reference to the Bates number. For any and all documents not within your possession, please identify and account for their whereabouts.*

**REQUEST NO. 1:** Produce any and all disbursement **DOCUMENTS** including the electronic transmittal information relating to the **LOAN** by **Charter One Bank, N.A.** into **PLAINTIFF'S** personal bank account at Sooper Credit Union.

**RESPONSE:**

**REQUEST NO. 2:** Produce any and all funding agreements between **Charter One Bank, N.A.** and **TERI.**

**RESPONSE:**

**REQUEST NO. 3:** Produce any and all funding agreements relating to the **Astrive Education Loan Program**.

**RESPONSE:**

**REQUEST NO. 4:** Produce any and all funding agreements relating to the **LOAN**.

**RESPONSE:**

**REQUEST NO. 5:** Produce any and all **DOCUMENTS** regarding funding the **LOAN** including, but not limited to, proof as to where the funds came from.

**RESPONSE:**

**REQUEST NO. 6:** Produce any and all **DOCUMENTS** regarding funding the **Astrive Education Loan Program** including, but not limited to, proof as to where the funds came from.

**RESPONSE:**

**REQUEST NO. 7:** Produce all sales, marketing and advertising materials for the **Astrive Education Loan Program**.

**RESPONSE:**

**REQUEST NO. 8:** Produce all **DOCUMENTS**, log entries, emails, and instant messages in the **DEFENDANTS'** possession, relating to **PLAINTIFF'S LOAN** from the time the **LOAN** was made until present. Please provide this information in native format.

**RESPONSE:**

**REQUEST NO. 9:** Produce any and all internal or external audits done on **DEFENDANT** which show trend reports relating to alleged student loans.

**RESPONSE:**

**REQUEST NO. 10:** Produce any and all of **DEFENDANT'S** quality control **DOCUMENTS** regarding audits of alleged student loans.

**RESPONSE:**

**REQUEST NO. 11:** Produce any and all **DOCUMENTS** relating to **Charter One Bank, N.A.**'s incentive program for employees regarding similar loans.

**RESPONSE:**

**REQUEST NO. 12:** Produce any and all **DOCUMENTS** relating to **Charter One Bank, N.A.**'s and/or **DEFENDANT**'s incentive program for employees regarding collection of similar loans.

**RESPONSE:**

      **RESPECTFULLY** submitted this 13th day of March, 2017.

                                                                    */s/ Christine Levi*
                                                                      Christine Levi, Plaintiff
                                                                      3257 S. Parker Rd. #3-211
                                                                      Denver, CO 80014
                                                                      720-207-3142
                                                                      cnvandenberg@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2017, a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS TO DEFENDANTS TRANSWORLD SYSTEMS, INC. AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4** was delivered via USPS First Class Mail, postage pre-paid, to the following:

United States Bankruptcy Court
Custom House
721 19th St.
Denver, CO 80202

Sessions Fishman Nathan & Israel
Attn: Louis Galvis
645 Stonington Lane
Fort Collins, CO 80525-8286


/s/ Christine Levi
Christine Levi